Judge Marshall

delivered the Opinion of the Court.
This was an action of debt brought by Munford against Park, to recover ten pounds for assaulting and beating him on account of money won at gaining. The declaration purports to be founded on the tenth section of the act of the Virginia Legislature, entitled “an act for preventing excessive and deceitful gaming,” (Stat. Lain, 749,) which authorizes a recovery m any County Court. This action was brought in the County Court of Lewis county; and upon default by the defendant, judgment was rendered against him, and he prosecutes a writ of error for its reversal.
If the tenth section of the act of 1748 be now in force, which we consider unnecessary to be determined in this case, we are clearly of opinion that the County Court had no jurisdiction in the case. The act of 1792, (1 Litt. Laws, 90,) which provides for the organization of County Courts in this State, declares, in the fifth section, that the Said Court shall have cognizance of various specific subjects, and of all other cases of which the County Court as now constituted, have jurisdiction, except in those cases which are hereby expressly made cognizable in the Courts of Quarter Sessions.” The sixth section of the same act establishes the Courts of Quarter Sessions, and declares that they shall have “jurisdiction to hear and determine all causes whatsoever, at common law or in chancery, within their respective counties, except (certain criminal causes affecting life or member,) and except also all causes of less value than five pounds or 1000 pounds of tobacco.” The present cause not being of less value than five pounds, but being of the value often pounds at least, is not within the exception to the jurisdiction conferred on the Quarter Sessions Court, and is, therefore, granted to that *320 Court, and thus taken away from the County Court. It is unnecessary to pursue the legislation by which the jurisdiction of the Courts of Quarter Sessions has become invested in the Circuit Courts, and in Justices of the Peace. It is sufficient that such jurisdiction as the County Courts may have had of this case, under the laws of Virginia, was taken away by the first act upon the subject, after Kentucky became a State, and has never been revested.
Wherefore, as the County Court had no jurisdiction whatever over this case, the judgment is reversed.